IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HUNTER WARFIELD, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 25-cv-00455-LKG |
| | ) |
| v. | ) Dated:  December 17, 2025 |
| | ) |
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY NUMBER B074021F3032, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this declaratory judgment action, the Plaintiff, Hunter Warfield, Inc. ("HWI"), seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, regarding the obligations of the Defendants, Certain Underwriters at Lloyd's London and Certain Insurance Companies Subscribing to Policy Number B074021F3032 ("Underwriters"), Lloyd's Underwriter Syndicate Number 1274 AUL ("Syndicate"), and Volante International Limited ("Volante"), to insure certain punitive damages awarded against HWI in a state lawsuit under HWI's Market Reform Contract insurance policy (the "Policy"). *See generally* ECF No. 4. The Defendants have filed a motion to dismiss the complaint, to transfer, or, in the alternative, to stay, pursuant to Fed. R. Civ. P. 12(b)(3) and (b)(6) and 28 U.S.C. § 1404. ECF No. 16. The motion is fully briefed. *See* ECF Nos. 16, 29 and 22. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion to dismiss, to transfer, or, in the alternative, to stay (ECF No. 16) and (2) **STAYS** the proceedings in this matter, pending the resolution of HWI's Indiana State Court Appeal.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.  Factual Background

Overview Of The Case

In this declaratory judgment action, the Plaintiff seeks a declaratory judgment regarding the obligations of the Defendants to insure certain punitive damages awarded against HWI in a state lawsuit under its Policy. *See generally* ECF No. 4. As relief, the Plaintiff seeks, among other things:

> (1) That this Court determine and adjudicate the rights and liabilities of the parties with respect to the insurability of punitive damages and the Policy's Exclusion A;
>
> (2) That this Court declare that the insurability of the punitive damages award against HWI in the Lawsuit is governed by Maryland law;
>
> (3) That this Court declare that the Policy's Exclusion A does not exclude coverage for the punitive damages award against HWI in the Lawsuit;
>
> (4) That this Court find that Underwriters and/or other Defendants responsible for HWI's coverage rights under the Policy must pay the punitive damages award in an amount up to the remaining coverage limit under the Policy, plus prejudgment and post-judgment interest at the legal rate of six percent per annum in accordance with Md. Const. Art. III, § 57.

*Id.* at Prayer for Relief.

The Parties

Plaintiff HWI is a corporation organized under the laws of the State of Maryland, with its principal place of business located in Montgomery County, Maryland. *Id.* at ¶ 3.

Defendant Underwriters are unincorporated associations of entities and/or individuals who transact business in Maryland, including the business of insurance. *Id.* at ¶ 4.

Defendant Syndicate is an unincorporated association of one or more entities and individuals who subscribe to the Policy and transact business in Maryland, including the business of insurance. *Id.* at ¶ 5.

---

[1] The facts recited in this memorandum opinion are taken from the complaint and the attachments thereto; the Defendants' motion to dismiss, to transfer, or, in the alternative, to stay, and the attachments thereto; and the Plaintiff's response in opposition to the Defendants' motion. ECF Nos. 4, 4-1, 16 and 19. Unless otherwise stated, the facts herein are undisputed.

Defendant Volante is an entity that subscribes to the Policy and transacts business in Maryland, including the business of insurance. *Id.* at ¶ 6.

The State Court Litigation

As background, in August 2019, the Plaintiff was sued in the Circuit Court for Tippecanoe County, Indiana (the "Indiana Lawsuit"). *See Alexandra Hustedt-Mai v. Hunter Warfield, Inc.,* Case No. 79C01-1908-CT-114; *see also* ECF No. 4 at ¶ 10. At some point thereafter, the Defendants issued the Policy to HWI, with an effective policy period of May 1, 2021, to May 1, 2022. ECF No. 4-1 at 2; ECF No. 16-1 at 2. It is undisputed that the Defendants have acknowledged coverage under the Policy for the Indiana Lawsuit and provided for HWI's defense in that case. ECF No. 4 at ¶ 10; ECF No. 16 at ¶ 2.

On or about June 7, 2024, following a jury trial, the Circuit Court for Tippecanoe County, Indiana entered a Jury Trial Order and Judgment against HWI, which awarded the plaintiff in the Indiana Lawsuit $200,000 in actual damages and $1.75 million in punitive damages. ECF No. 4 at ¶ 11; *see also* ECF No. 16-2 at 25. On or about October 21, 2024, the Circuit Court for Tippecanoe County, Indiana entered a Final Judgment (the "Judgment") against HWI, which included the award of punitive damages. ECF No. 4 at ¶ 11; ECF No. 16-2 at 19-23.

Following entry of the Judgment, the Defendants denied coverage for the punitive damages award under the Policy. ECF No. 4 at ¶ 12. The Defendants also reserved the right to deny coverage for the punitive damages award under the Policy's Exclusion A, which excludes coverage for damages based on conduct by the Plaintiff that is criminal, fraudulent, dishonest or malicious, or committed with the intent to cause damage. *Id.* at ¶ 14.

On January 8, 2025, HWI filed a notice of appeal of the Judgment in the Indiana Lawsuit (the "Indiana State Court Appeal"). ECF No. 16-2 at 13-18. The Indiana State Court Appeal is currently pending before the Indiana Court of Appeals. *See* ECF No. 16-1 at 2; ECF No. 19 at 3; *see also Hunter Warfield Inc. v. Mai*, No. 25A-CT-00038 (Ind. Ct. App.).

**B. Procedural History**

The Plaintiff commenced this declaratory judgment action in the Circuit Court for Montgomery County, Maryland, on December 31, 2024. *See* ECF No. 4. On February 12, 2025, the Defendants removed the case to this Court. ECF No. 1.

On April 21, 2025, the Defendants filed a motion to dismiss the complaint, to transfer, or, in the alternative, to stay, pursuant to Fed. R. Civ. P. 12(b)(3) and (b)(6) and 28 U.S.C. § 1404,

and a memorandum in support thereof. ECF Nos. 16 and 16-1. On May 20, 2025, the Plaintiff filed a response in opposition to the Defendants' motion. ECF No. 19. On June 3, 2025, the Defendants filed a reply brief. ECF No. 22.

The Defendant's motion to dismiss the complaint, to transfer, or, in the alternative, to stay having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A.   Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

In addition, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "must be treated as one for summary judgment" when "matters outside the pleadings are presented" to the Court. *See* Fed. R. Civ. P. 12(d). But, the United States Court of Appeals for the Fourth Circuit has held that documents are not considered to be matters outside of the pleadings if they are "explicitly incorporated into the complaint by reference," or are "integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### B. The Declaratory Judgment Act And Federal Abstention

Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "This Act gives federal courts discretion to decide whether to declare the rights of litigants." *Trustguard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).

The Fourth Circuit has held that, when an ongoing proceeding in state court overlaps with the federal case, courts must consider whether "federalism, efficiency, and comity" counsel against exercising jurisdiction." *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). In determining whether to proceed with a federal declaratory judgment action when a parallel state action is pending, the Court considers: (1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum-shopping. *See id.* at 412 (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994)). And so, federal courts typically abstain from interfering with ongoing state court proceedings when there has been no final judgment to "avoid duplicative litigation and interference with state-court proceedings." *Trustguard*, 942 F.3d at 202.

### C. Stays

Lastly, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Donnelly v. Branch Banking & Tr. Co.*, 971 F. Supp. 2d 495, 501 (D. Md. 2013) (internal citation omitted). And so, this Court considers the following factors when staying proceedings: (1) "the length of the requested stay"; (2) "the hardship that the movant would face if the motion were denied"; (3) "the burden a stay would impose on the nonmovant"; and (4) "whether the stay would promote judicial economy by avoiding duplicative litigation." *Id.* at 501-02.

### IV. ANALYSIS

The Defendants have moved to dismiss the complaint, to transfer, or, in the alternative, to stay, pursuant to Fed. R. Civ. P. 12(b)(3) and (b)(6) and 28 U.S.C. § 1404, upon the following three grounds: (1) there is no justiciable controversy in this case; (2) venue is not proper in

Maryland under 28 U.S.C. § 1391, because none of the events giving rise to the issues in this case involve the State of Maryland and the Policy was issued in Florida; and (3) alternatively, this matter should be transferred to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404(a). ECF No. 16-1 at 4-14. And so, the Defendants request that the Court either dismiss this matter, transfer the case to the United States District Court for the Middle District of Florida, or stay these proceedings until a final determination is rendered in the Indiana Lawsuit, including any appeals. *Id.* at 14-15.

      HWI counters that the Court should not dismiss, or transfer, this matter, because: (1) the legal issue raised in this case is ripe for resolution and the Declaratory Judgment Act gives this Court the discretion to resolve this dispute while the Indiana State Court Appeal proceeds; (2) venue is proper in the District of Maryland under 28 U.S.C. § 1441(a), because the case was removed from the Circuit Court for Montgomery County, Maryland; and (3) the Defendants have not shown that a transfer of venue is warranted. ECF No. 19 at 6-15. HWI also argues that the Court should not stay this matter pending the resolution of the Indiana State Court Appeal, because the Defendants will not suffer any hardship and inequity in the absence of a stay and this dispute creates an economic harm to HWI. *Id.* at 15. And so, the Plaintiff requests that the Court deny the Defendants' motion. *Id.*

      For the reasons that follow, the Court will exercise subject-matter jurisdiction over this declaratory judgment matter. But, the Court will also exercise its inherent power to stay further proceedings in this matter, pending the resolution of the Indiana State Court Appeal, because that litigation could render moot the Plaintiff's requested relief in this action. And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART the Defendants' motion to dismiss, to transfer, or, in the alternative, to stay (ECF No. 16) and (2) STAYS the proceedings in this matter, pending the resolution of HWI's Indiana State Court Appeal.

      **A. The Court Will Exercise Jurisdiction Over This Declaratory Judgment Action**

      As an initial matter, the Court will exercise subject-matter jurisdiction over this declaratory judgment action, consistent with the Declaratory Judgment Act. *See* 28 U.S.C §§ 2201-2202. Pursuant to the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). And so, the Fourth Circuit has held that "[t]his Act gives federal courts discretion to decide whether to declare the rights of

6

litigants." *Trustguard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)).

Relevant to the pending motion, when there is an ongoing proceeding in state court that overlaps with the federal case, as is the case here, the Court considers whether "federalism, efficiency, and comity" counsel against exercising jurisdiction. *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). In determining whether to proceed with a federal declaratory judgment action when a parallel state action is pending, the Court considers: (1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum-shopping. *See Penn-Am. Ins. Co.*, 368 F.3d at 412 (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994)). And so, federal courts typically abstain from interfering with ongoing state court proceedings when there has been no final judgment to "avoid duplicative litigation and interference with state-court proceedings." *Trustguard*, 942 F.3d at 202.

In this case, the factors that the Court considers in deciding whether to abstain from considering this declaratory judgment action support the exercise of subject-matter jurisdiction. First, the evidence before the Court shows that there is minimal interest in Indiana having its own courts decide the issue of whether punitive damages are covered under the Policy, because this legal issue is not before the courts in Indiana. ECF No. 19 at 8 ("The scope of [the Defendants'] obligation to cover a punitive damages award is not before the Indiana appellate court."). For this same reason, the Court is not concerned that the Indiana courts would more efficiently resolve this legal issue.

Third, the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law is not significant in this case, because any decision by this Court regarding the Defendants' obligation to cover punitive damages under the Policy would not impact the Indiana Lawsuit and the pending Indiana State Court Appeal. *See Penn-Am. Ins. Co.*, 368 F.3d at 412. Lastly, there are no facts before the Court to indicate that this "federal action is mere forum-shopping," given that the Plaintiff initially filed this case in Maryland state court and the Defendants chose to remove the action to this Court. *See id.*; ECF No. 1. And so, the aforementioned factors weigh in favor of this Court exercising jurisdiction

7

over the Plaintiff's claims in this declaratory judgment action. *See Penn-Am. Ins. Co.*, 368 F.3d at 412.

### B. The Court Stays This Matter

While the Court will exercise subject-matter jurisdiction over this matter, the Defendants argue with persuasion that a stay of the proceedings in this case is warranted, pending the resolution of the Indiana State Court Appeal. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Donnelly v. Branch Banking & Tr. Co.*, 971 F. Supp. 2d 495, 501 (D. Md. 2013) (internal citation omitted). And so, this Court considers the following factors when staying proceedings: (1) "the length of the requested stay"; (2) "the hardship that the movant would face if the motion were denied"; (3) "the burden a stay would impose on the nonmovant"; and (4) "whether the stay would promote judicial economy by avoiding duplicative litigation." *Id.* at 501-02.

Here, a limited stay of these proceedings until the Indiana State Court Appeal is resolved will conserve judicial resources and avoid burdening the parties with possibly unnecessary litigation on the issue of whether the Policy requires the Defendants to cover the punitive damages award assessed against the Plaintiff in the Judgment. *See Donnelly*, 971 F. Supp. 2d at 501.[2] As the Defendants correctly observe, the outcome of the Indiana State Court Appeal could render this issue moot if the state appellate court overturns the award of punitive damages in the Indiana Lawsuit. And so, the Court will STAY the proceedings in this matter, pending the resolution of HWI's Indiana State Court Appeal.

### V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion to dismiss, to transfer, or, in the alternative, to stay (ECF No. 16) and

(2) **STAYS** the proceedings in this matter, pending the resolution of HWI's Indiana State Court Appeal.

---

[2] For this same reason, the Court will also DENY the Defendants' motion to transfer, pursuant to 28 U.S.C. § 1404, WITHOUT PREJUDICE. The Plaintiff has also shown that venue is proper in this Court, because this case was removed from the Circuit Court of Montgomery, County, Maryland. *See* 28 U.S.C. § 1441(a).

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge